**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WASEEM AHSAN K., | : | |
| | : | Civil Action No. 18-17578 (ES) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| KIRSTJEN NIELSEN, et al., | : | |
| | : | |
| Respondents. | : | |

**SALAS, DISTRICT JUDGE**

Petitioner Waseem Ahsan K. ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE"), at the Elizabeth Detention Center in Elizabeth, New Jersey. On December 26, 2018, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his prolonged detention pending removal. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will GRANT the Petition.

**I. Background**

Petitioner is a native and citizen of Pakistan. (D.E. No. 4, Respondent's Answer ("Answer"), Ex. A (Notice to Appear)). He was admitted to the United States on or about September 13, 2000. (*Id.*). On July 12, 2010, Petitioner was convicted on two separate counts in Connecticut for larceny in the third degree and sentenced to five years' incarceration. (*Id.*). ICE detained Petitioner on December 7, 2017, and served him with a Notice to Appear charging him as removable pursuant to section 237(a)(2)(A)(ii) of the Immigration and Nationality Act because he was convicted of two crimes involving moral turpitude not arising from a single scheme

of criminal misconduct.  (*Id.*).  At a master calendar hearing on April 11, 2018, Petitioner, through counsel, denied the sole charge of removability.  (*Id.*, Ex. C (August 26, 2018 Immigration Court Decision)).

On May 21, 2018, Petitioner submitted an Application for Cancellation of Removal for Certain Permanent Residents.  (*Id.*).  Petitioner also submitted a Form-589, Application for Asylum and for Withholding of Removal.  (*Id.*).  On July 17, 2018, the immigration court issued a written decision sustaining the charge of removability and pretermitted Petitioner's application for cancellation of removal for certain permanent residents.  (*Id.*).

On August 27, 2018, the immigration court issued a decision and denied Petitioner's requested relief for asylum, withholding of removal, and relief under Convention Against Torture. (*Id.*).  The immigration judge ordered Petitioner removed to Pakistan.  (*Id.*).  Sometime thereafter, Petitioner requested a custody redetermination hearing pursuant to *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018).  On November 9, 2018, the immigration judge took no action on the request because Petitioner already had an appeal of the removal order pending with the Board of Immigration Appeals ("BIA").  (Answer, Ex. D (November 9, 2018 Immigration Court Decision)).  On January 29, 2019, the BIA dismissed Petitioner's appeal of the immigration judge's decision.  (*Id.*, Ex. E (January 29, 2019 BIA Decision)).  On February 22, 2019, Petitioner filed a petition for review with the Third Circuit Court of Appeals.  *Khan v. Attorney Gen.*, Civil Action No. 19-1427 (3d Cir. 2019).  On February 27, 2019, the Third Circuit temporarily stayed Petitioner's removal until such time as the court could consider the merits of the motion for a stay of removal.  (*Id.*, Ex. F (Third Circuit Stay Order)).  On June 17, 2019, the Third Circuit granted Petitioner's motion for a stay of his removal.  *Khan v. Attorney Gen.*, Civil

Action No. 19-1427 (3d Cir. 2019). His petition for review remains pending before the Third Circuit, with oral argument scheduled for September 16, 2019. *Id.*

## II. Discussion

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49-–95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

### B. Analysis

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-

(1) may continue to detain the arrested alien; and

(2) may release the alien on-

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

The Attorney General shall take into custody any alien who—

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*Id.*

Here, both parties agree that Petitioner is detained pursuant to § 1226(c) because the Third Circuit has entered a stay of his removal. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012).

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court determined that § 1226(c) was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that in most cases detention under the statute lasted only a month and a half and that even in cases where an appeal was taken to the BIA, detention pursuant to § 1226(c) lasted an average of four months, indicating that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected the petitioner's challenge even though the petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore*, detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

In *Diop*, the Third Circuit considered whether a petitioner was entitled to a bond hearing nearly three years into his detention under § 1226(c). 656 F.3d at 223–26. The Third Circuit held that "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.* at 233. The Third Circuit emphasized that *Demore* relied on the fact that "mandatory detention pursuant to § 1226(c) lasts only for a 'very limited time' in the vast majority of cases," and, therefore, the result in *Demore* "may well have been different" if the petitioner's detention had been "significantly longer than the average." *Diop*, 656 F.3d at 233–34 (quoting *Demore*, 538 U.S. at 529 & n.12). The Third Circuit thus interpreted § 1226(c) to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only

5

mandatory detention that is reasonable in length." *Id.* at 235. Beyond that point—which can be determined only by a "fact-dependent inquiry," *id.* at 233—the statute "yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose," *id.* at 235.

In *Chavez–Alvarez*, the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. 783 F.3d at 475. The Third Circuit further held that, absent bad faith on the part of a petitioner, "beginning sometime after the six-month timeframe considered by *Demore* and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478.

In *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018), the Supreme Court reversed the Ninth Circuit's holding that 1226(c) did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed § 1226(c) to require an automatic bond hearing before the immigration judge at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible construction" and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18-4189, 2018 WL 2932726, at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed

right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden v. Green*, 321 F.Supp.3d 496, 501 (D.N.J. 2018).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Although the Third Circuit has not yet provided explicit guidance to lower courts regarding post-*Jennings* challenges to prolonged detention under § 1226(c), it recently stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)). Courts in this District have found that "the post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*." *See Glennis H. v. Rodriguez*, No. 18-16439, 2019 WL 2866069, at *2 (D.N.J. July 2, 2019) ("Whether detention under § 1226(c) is constitutional continues to be a function of the length of the detention, whereby the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues. Thus, at some point, detention under § 1226(c), in an individual case, may become so unreasonable as to amount to an arbitrary deprivation of liberty in violation of the Due Process Clause." (internal citations and quotations omitted)).

Here, Petitioner has been detained for approximately twenty months and argues that his continued detention under § 1226(c) without a bond hearing is an unconstitutional violation of due process under the Fifth Amendment.[1] Respondent acknowledges that Petitioner may still make

---

[1] Petitioner also seeks a hearing under *Guerrero-Sanchez*, which applies only to individuals with final orders

an as-applied challenge to his prolonged detention, but argues in the Answer that Petitioner's detention has not become unreasonably prolonged and the length of his detention is the result of Petitioner's challenges to his removal. (Answer 6).

The length of Petitioner's detention well exceeds the outer time limitation of one year set forth in *Chavez-Alvarez*. As a general matter, courts in this District have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-*Jennings*. *See*, *e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See, e.g.*, *Glennis H.*, 2019 WL 2866069, at *3 (21 months); *Pryce v. Green*, No. 18-3501, 2019 WL 2118785 (D.N.J. May 15, 2019) (22 months); *Oscar B. v. Warden, Essex Cty. Corr. Facility*, No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (16 months); *Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months); *Carlos L. C. v. Green*, 2019 WL 1110388, at *3 (D.N.J. Mar. 11, 2019) (27 months); *but see Selvin M. R. v. Green*, 2019 WL 981651, at *3 (D.N.J. Feb. 27, 2019) (finding that detention for fourteen months that is largely the result of a petitioner's own requests for continuances or other delays in the proceedings did not justify habeas relief).

Here, the Court need not decide whether detention for six months to a year (or slightly over a year) is unreasonable, as Petitioner has been detained for nearly two years, well beyond the one-

---

of removal who are detained under § 1231, and therefore is not applicable to Petitioner. *See Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 223–26 (3d Cir. 2018); *K.A. v. Green*, No. 18-3436, 2018 WL 6003541, at *2 (D.N.J. Nov. 14, 2018) ("*Guerrero-Sanchez* discussed only the entitlement to a bond hearing for those detained pursuant to 8 U.S.C. § 1231(a)(6)—a statute that does not apply to Petitioner, who is awaiting the outcome of his petition for review before the Third Circuit and is subject to a stay of removal.").

year outer limit set forth *Chavez-Alvarez*. Though the Government has argued that the length of detention is attributable to Petitioner because he has appealed the removal order, the Government has not argued that Petitioner is acting in bad faith or lacks viable challenges to his removal. To the contrary, as discussed above, the Third Circuit granted him a stay and scheduled oral argument in his case, which suggests a viable challenge. Because Petitioner has been detained well beyond the outer limit set forth in *Chavez-Alvarez*, and there is no evidence of bad faith, the Court finds that his detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. That bond hearing must be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the Government in § 1226(c) cases).

### III. Conclusion

For the foregoing reasons, the Petition is granted. An appropriate order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**